UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| ANDREW J. ABERLE, | ) | CIV. 06-5057-KES |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DENYING PLAINTIFF'S MOTION TO |
| vs. | ) ) | STRIKE DEFENDANT'S MOTION TO EXCLUDE |
| POLARIS INDUSTRIES, INC., | ) ) | PLAINTIFF'S EXPERT LANNY BURKE |
| Defendant. | ) | |

Plaintiff, Andrew J. Aberle, moves to strike the motion to exclude his expert Lanny Burke made by defendant, Polaris Industries, Inc. (Polaris). The motion is denied.

**DISCUSSION**

**I.   Timeliness of Polaris's Motion**

Aberle argues that the court should strike Polaris's motion to exclude his expert Lanny Burke as untimely. Aberle argues that Polaris's motion is untimely because the court's June 10, 2008, order stated that all motions, except motions in limine, were due on November 24, 2008, and Polaris filed its motion on March 31, 2009. Aberle argues that Polaris's motion is a Daubert motion, not a motion in limine.

Courts in this district have routinely considered motions to exclude experts or expert testimony based on Daubert as motions in limine. See

Munroe v. U.S. Xpress, Inc., 2007 2476763 (D.S.D. Aug. 27, 2007) (treating a motion to exclude opinion testimony of defendant's proffered experts based on the proffered experts' qualifications and reliability as a motion in limine); Sundberg v. Bubenik, 2005 WL 6003548 (D.S.D. June 17, 2005) (considering a motion to exclude the testimony of plaintiff's expert on the basis that the opinions were unreliable or irrelevant as a motion in limine); United States v. White Horse, 177 F. Supp. 2d 973 (D.S.D. 2001) (characterizing a motion to exclude expert testimony based in part on reliability as a motion in limine); and Doblar v. Unverferth Mfg. Co., 981 F. Supp. 1284 (D.S.D. 1997) (referring to a motion to exclude plaintiff's expert based upon Daubert as a motion in limine). Here, Polaris filed a motion to exclude Aberle's expert witness Lanny Berke. Docket 133. Based upon the precedent in this district, the court considers Polaris's motion to exclude as a motion in limine. Because Polaris's motion to strike was filed on March 31, 2009, and the deadline for motions in limine is April 13, 2009, the court finds that Polaris's motion to exclude is timely. See Docket 133 and Docket 131. As such, Aberle's motion to strike Polaris's motion is denied.

## II.  Expedited Deadlines

In the alternative, Aberle requests that the court schedule a response deadline to Polaris's motion to exclude and a hearing date, if necessary, in order to allow the parties to address the issue and the court to rule on the issue before trial. The court finds that because of the close proximity of the

2

normal deadlines to the commencement of trial, good cause exists to expedite the deadlines to allow the parties and the court adequate time to prepare for trial. At this time, the court is unable to determine whether a hearing on Polaris's motion is appropriate. After all briefs in relation to this issue have been filed, the court will decide whether a hearing is necessary.

Accordingly, it is hereby

ORDERED that plaintiff's motion to strike defendant's motion to exclude plaintiff's expert Lanny Berke is denied.

IT IS FURTHER ORDERED that plaintiff's response to defendant's motion to exclude plaintiff's expert Lanny Berke shall be filed no later than **April 13, 2009.**

IT IS FURTHER ORDERED that defendant's reply shall be filed no later than five working days after the filing of the response brief, with no days for mailing.

IT IS FURTHER ORDERED that the pretrial conference in this matter is rescheduled for **Wednesday, April 22, 2009, at 5 p.m.** unless the court notifies the parties otherwise.

Dated April 4, 2008.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                CHIEF JUDGE