UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. ABERLE, | ) | CIV. 06-5057-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ON MOTIONS IN |
| vs. | ) | LIMINE |
| | ) | |
| POLARIS INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

The court reserved ruling on two motions in limine at the pretrial conference and indicated it would issue a written opinion in relation to those motions after receiving the necessary documents from the parties.

**DISCUSSION**

I. **Defendant's Motion to Exclude Evidence of Sales of After-Market Sprayers**

Defendant moves to exclude evidence of sales of after-market sprayers by independent ATV dealers. At the pretrial conference, the parties focused on the testimony of Dwight Pletan, a dealer who sells Polaris products at his store in North Dakota. Pletan testified that he stocks and sells the "E-Z ATV sprayer." See Deposition of Dwight Pletan, Docket 163-3 at 43-44. Plaintiff asserts that he was using an E-Z ATV sprayer on his Polaris ATV at the time of the accident. Defendant asserts that plaintiff was using a different sprayer called "the Jack Rabbit ATV sprayer." The court reserved ruling on defendant's

motion in order to review and compare photographs of the E-Z ATV sprayer and the sprayer used by plaintiff at the time of the accident.

Upon review of the photographs of the E-Z ATV sprayer from the C & R Supply Inc. website (Exhibit 2)[1] and the sprayer used by plaintiff at the time of the accident (Docket 176), the court finds that plaintiff has met his burden to show that the sprayers appear to be the same or substantially similar. Both sprayers feature a white tank of substantially the same size and configuration that sits on the back end of the ATV, "arm rests" or "saddle bags" that rest on the rear side fender of the ATV, a black hose device behind the white tank, and black controls on the outer side of the left arm rest. Based on the information before it, the court is unable to distinguish between the two sprayers.

Defendant argues that evidence that a dealer in North Dakota who had no contact with plaintiff sells the E-Z ATV sprayer is irrelevant and should be excluded under Federal Rule of Evidence 402. Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. A key issue in this case is whether it

---

[1] Defendant now objects to the court's consideration of Exhibit 2. Such objection was not raised during the pretrial conference when the exhibit was offered, so the court finds that defendant waived its objection. Even if the objection was not waived, the court finds plaintiff established sufficient foundation for the court's consideration of this exhibit for purposes of determining the admissibility of the sales by other independent ATV dealers of after-market sprayers.

2

was foreseeable that a user of a Polaris ATV would attach a sprayer not manufactured by Polaris to the ATV. This issue is part of the determination of whether the alleged design defects were unreasonably dangerous, whether Polaris failed to give adequate warnings against foreseeable use of its ATVs, and whether Polaris had actual knowledge that users of its products would attach after-market sprayers to its ATVs. Contrary to defendant's assertion, the fact that a Polaris dealer stocks and sells a sprayer attachment that is the same or substantially similar to the attachment on the ATV at the time of the accident makes it more probable that the use of a non-Polaris sprayer on a Polaris ATV was reasonably foreseeable. Thus, the evidence that Pletan sold the E-Z ATV sprayer at his Polaris store is relevant evidence and should not be excluded. Defendant's motion is denied with respect to testimony regarding Pletan's sale of the E-Z ATV sprayer. The court does not have before it evidence of any other dealers selling sprayer attachments for use on Polaris ATVs, so defendant's motion is granted with respect to all other dealers.

**II.     Defendant's Motion to Exclude the Testimony of Dewey J. Ertz**

Defendant seeks to exclude the testimony of plaintiff's expert Dewey J. Ertz, Ed.D, on the ground that plaintiff failed to comply with the expert disclosure requirements of Federal Rule of Civil Procedure 26(a)(2). The expert disclosure requirements set out in Rule 26(a)(2) do not apply to treating health care providers. See Fed. R. Civ. P. 26 advisory committee's notes to 1993

3

amendments ("The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case . . . . A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."). "[A] 'treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party.' " Magelky v. NSF Ry. Co., No. 1:06-CV-025, 2008 WL 281778, at *1 (Jan. 29, 2008) (quoting Davoll v. Webb, 194 F.3d 116, 1138 (10th Cir. 1999)).

The court has reviewed Ertz's psychological intake report and psychotherapy treatment notes relating to plaintiff and concludes that Ertz is a treating health care provider. According to Ertz's psychological intake report, dated June 2, 2008, plaintiff referred himself for a psychological intake on the suggestion of his attorneys. Based on the initial assessment, Ertz planned to see plaintiff for individual therapy focusing on anxiety management. Plaintiff saw Ertz on June 18, 2008, July 9, 2008, July 29, 2008, September 4, 2008, September 25, 2008, October 17, 2008, November 21, 2008, and April 18, 2009.[2] According to Ertz's notes, he worked with plaintiff on body relaxation, re-experiencing, de-conditioning, and other anxiety management techniques.

---

[2] On November 1, 2008, and April 18, 2009, Ertz indicated that he would provide follow-up sessions as requested or as needed.

Ertz's records show that plaintiff saw Ertz on a fairly regular basis after the initial assessment. Additionally, plaintiff represents that he paid for the sessions himself. Thus, Ertz is a treating health care provider, and the fact that plaintiff's attorneys suggested that he see Ertz in the first place does not convert Ertz into a retained expert.

As a treatment provider, Ertz is not subject to the expert reporting deadlines in Rule 26(a)(2). He will be allowed to testify as to the nature and extent of the injury he observed and diagnosed, the treatment he rendered for that injury, the prognosis, and future care. See Doyle v. Graske, No. 7:05CV21, 2008 WL 824275, *1 (D. Neb. March 20, 2008); Smith v. Bankers Life and Cas. Co., Civil No. 3:05-CV-00130-RP-TJS, at *4-5 (S.D. Iowa Jan. 30, 2008); and Elgas v. Coco. Belle Corp., 179 F.R.D. 296, 298 (D. Nev. 1988).

Defendant has now filed an objection to the portion of Ertz's records that address treatment received to deal with his trial anxiety. Plaintiff cannot recover damages related to his anxiety arising from the stresses related to testifying in court. Such evidence is not relevant and therefore, will be excluded.

Based on the foregoing, it is hereby

ORDERED that defendant's motion in limine to exclude evidence of sales of after-market sprayers by independent ATV dealers (Docket 140) is granted in part and denied in part as set forth in this order.

5

IT IS FURTHER ORDERED that defendant's motion in limine to exclude the testimony of Dewey J. Ertz (Docket 146) is denied.

Dated April 22, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE