UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. ABERLE, | ) | CIV. 06-5057-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| POLARIS INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Andrew J. Aberle, moves for judgment as a matter of law or, in the alternative, for a new trial. Defendant, Polaris Industries, Inc., opposes the motion. The motion is denied.

A motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) presents a legal question to the trial court of whether there is sufficient evidence to support a jury verdict. Fox v. T-H Continental, Ltd., 78 F.3d 409, 413 (8th Cir. 1996). The evidence must be viewed in the light most favorable to the nonmoving party receiving all favorable inferences that reasonably can be drawn from the evidence. Id. at 413. The motion must be denied unless the court concludes that no reasonable juror could have returned a verdict for the nonmoving party. Billingsley v. City of Omaha, 277 F.3d 990, 995 (8th Cir. 2002).

Here, defendants presented evidence that: the ATV was not defective in design; Polaris made proper warnings regarding the use of the ATV; Aberle's contributory negligence as more than slight; Aberle assumed the risk by his

actions; a substantial unforeseeable change was made to the ATV after its manufacture; and the ATV was misused.  Aberle's motion does not identify how the evidence was inadequate to support the jury's verdict.  Thus, the motion for judgment as a matter of law is denied.

A motion for new trial is appropriate only when a miscarriage of justice occurs, such as when the outcome of the trial is against the great weight of the evidence.  Boesing v. Spiess, 540 F.3d 886, 890 (8th Cir. 2008).  Aberle has not identified any evidentiary or instruction errors in his motion.  After considering all the evidence, the court finds the great weight of the evidence is not against the jury's verdict.  Thus, the motion for new trial is denied.  Accordingly, it is hereby

ORDERED that Aberle's motion for judgment as a matter of law (Docket 259) is denied.

Dated August 26, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE