UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW J. ABERLE, | ) | CIV. 06-5057-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER ON |
| vs. | ) | OBJECTIONS TO |
| | ) | TAXATION OF COSTS |
| POLARIS INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Andrew J. Aberle, and defendant, Polaris Industries, Inc., both seek review of the clerk's taxation of costs in the amount of $11,490.72.

**BACKGROUND**

Aberle filed suit seeking damages from Polaris for injuries he sustained when his four-wheeler tipped over and landed on top of him. The jury found in favor of Polaris and the court then entered a judgment in favor of Polaris.

In Polaris's Bill of Costs, Polaris requested reimbursement for fees of service of subpoenas $63, fees for transcripts $4,957.90, fees for witnesses $6,499.82, fees for copies $1,388.84, and additional fees of $1,095.07. The total cost request was $14,004.63. The clerk denied $30 of the witness fees, all the copy fees, and Polaris withdrew its request for additional fees. The total amount awarded by the clerk was $11,490.72.

Polaris seeks review of the clerk's denial of a portion of the copy fees, namely $455. Aberle seeks review of the costs imposed for the transcripts, copy costs, and witness fees.

**DISCUSSION**

Rule 54 provides that "costs—other than attorney's fees — should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Within its discretion, a district court might deny costs because of the financial disparity between the parties or might modify the amount requested for other reasons. Poe v. John Deere Co., 695 F.2d 1103, 1108-09 (8th Cir. 1982). In addition to the financial disparities between the parties, the good faith of the losing party is a factor the court considers to ensure an equitable taxation of costs decision. In re Paoli Railroad Yard PCB Litigation, 221 F.3d 449, 463 (3d Cir. 2000).

The district court reviews the clerk's taxation of costs de novo. Id. at 461. The court gives no deference to the clerk's decision and the court's inquiry is not limited to the record. Id. at 463. The court's role is to insure that cost awards are equitable. Id. at 462. "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002).

1. **Photocopying Costs**

Polaris seeks an award in the amount of $455 for copies of exhibits that were admitted into evidence. Aberle does not dispute this amount. See Plaintiff's Objections and Exceptions to Taxation of Costs, Docket 271, p. 3. Aberle does object, however, to the clerk's taxation of $1,388.84 for exhibits. A

close review of the clerk's taxation of costs, however, shows that the clerk did not impose any amount for photocopying costs.

"Copy and exemplification fees may be awarded if the fees were incurred for items 'necessarily obtained' for use in the case." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006). The $455 was for copies of exhibits that were admitted into evidence. Thus, they were necessarily obtained for use in the case and Polaris is entitled to an award in the amount of $455 for these costs.

**2.     Deposition Transcript Costs**

Aberle objects to the imposition of costs in the amount of $4,957.90 for deposition transcripts. Deposition costs are taxable costs as long as the depositions were obtained for use in a case and not purely investigative, even if the were not introduced at trial. Zotos v. Lindbergh School District, 121 F.3d 356, 363 (8th Cir. 1997). The underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken. Id.

Here, while only four depositions were read at trial, all of the remainder of the deponents were called as witnesses at trial. Thus, the depositions were used for either direct or cross-examination at trial. As a result, these depositions appeared reasonably necessary for use in the case at the time they were taken and Aberle's objection is overruled.

### 3. Witness Fees

Aberle objects to the imposition of $4,621.06 for witness fee, air fare, miscellaneous travel expense, hotel expense and meals of Polaris's expert Kevin Breen and $1,355.06 for the witness fee, air fare, miscellaneous travel expense, and hotel expense of its former expert, and employee, Dan Moser.

28 U.S.C. § 1821(c)(1) provides that "[a] witness who travels by common carrier shall be paid for the actual expense of travel on the basis of the means of transportation reasonably utilized." "[A] witness shall utilize a common carrier at the most economical rate reasonably available." Id. "All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to section 1920 of this title." 28 U.S.C. § 1821(c)(4).

Breen's receipts reflect two trips to Rapid City. South Dakota, for purposes of testifying during the trial. Each of the four tickets appears to be a one-way ticket and his air fare totals $4,621.06. Polaris contends that it was necessary to fly Breen home and back to Rapid City for a second trip because the trial was not completed in one week as had been anticipated. Polaris did not ask the court for permission to take the testimony of Breen out of order so that his testimony could be completed during the first week of trial or to make other accommodations for his testimony. Even if the cost is authorized by statute, the court finds that because of the financial disparity between the

parties and the good faith of the losing party, an equitable taxation of costs results in the award of $750 for Breen's air fare, subsistence, and attendance.

Moser claims $1,355.06 in costs for three days' attendance at the trial. He traveled from Roseau, Minnesota. His claim includes $845.90 for air fare from Minneapolis, Minnesota. Even if his costs are authorized by statute, the court finds that because of the financial disparity between the parties and the good faith of the losing party, an equitable taxation of costs results in the award of $500 for Moser's air fare, subsistence, and attendance. As a result, the total witness fees awarded for all of Polaris's witnesses is $1,773.70.

### 4. Total Taxation of Costs

The court hereby awards costs as follows:

| | |
|---|---:|
| Fees for service of summons and subpoena | 63.00 |
| Fees for transcripts | 4,957.90 |
| Fees for witnesses | 1,773.70 |
| Fees for copies | 455.00 |
| Total | $7,249.60 |

A judgment shall be entered accordingly.

IT IS HEREBY ORDERED that Aberle's objections to the clerk's taxation of costs (Docket 271) is sustained in part and overruled in part.

Dated December 29, 2009.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE